Stewart Bell, Executive Director Board of Hearing Instrument Dispensers 305 N. Monroe Little Rock, AR 72205
Dear Mr. Bell:
I am writing in response to your request for an opinion on behalf of the Arkansas Board of Hearing Instrument Dispensers (hereinafter the "Board") with regard to A.C.A. § 17-84-101(10)(E) (Repl. 2002), which addresses "unethical conduct" in the practice of dispensing hearing instruments. You state:
 The Board wants to know whether it would be a violation of A.C.A. Sec. 17-84-101(10)(E) for a hearing instrument dispenser to use the term `audiology' in his/her practice or business name without the presence of an audiologist on staff.
RESPONSE
It is my opinion that a hearing instrument dispenser may not use the term "audiology" in his or her practice or business name without violating A.C.A. § 17-84-101(10)(E) if no services are being provided by a licensed audiologist, i.e., a person who is licensed in audiology under the Licensure Act of Speech-Language Pathologists and Audiologists (A.C.A. §17-100-101 et seq.)
This conclusion follows primarily from the plain language of the subsection in question. See generally Wooten v. State, 325 Ark. 510,931 S.W.2d 408 (1996) (stating the basic rule of statutory construction that legislative intent is gathered from the plain meaning of the language used). Section 17-84-101(10)(E) defines "unethical conduct" as follows:
(10) `Unethical conduct' includes, but is not limited to:
 (E) Falsely representing that the services or advice of a person licensed to practice medicine will be used or made available in the selection, fitting, adjustment, maintenance, or repair of hearing instruments or using the words `doctor,' `audiologist, or clinic, or like words, abbreviations, or symbols which suggest the medical profession when such use is not accurate[.] [Emphasis added.]
According to the language emphasized above, unethical conduct will occur if the word "audiologist" or "like words" are used "when such use is not accurate." It seems clear that use of the term "audiology" would fall within this general proscription. With regard to your particular question, the use of the word "audiology" in the practice or business name would not be accurate, in my opinion, if the hearing instrument dispenser's practice did not include the services of a person who is licensed in audiology. Certainly, as stated in the Licensure Act of Speech-Language Pathologists and Audiologists, nothing in that act prevents or restricts "[a] hearing aid dealer from engaging in the business of fitting and selling hearing aids in this state in accordance with § 17-84-101 et seq." A.C.A. § 17-100-104 (2). There clearly is a distinction, however, between the business of fitting and selling hearing aids and the practice of "audiology" because "[n]o person shall practice or represent himself or herself as a . . . audiologist in this state unless he or she is licensed in accordance with [A.C.A. § 17-100-101 etseq.] In my opinion, A.C.A. § 17-84-101(10)(E) ensures that misrepresentation will not occur by those who are licensed pursuant to A.C.A. § 17-84-101 et seq. to dispense hearing instruments.
This latter determination will, of course, depend upon the particular surrounding circumstances. With regard to your particular question, however, I believe the use of the word "audiology" in a licensed hearing instrument dispenser's practice or business name would fall within the proscribed "unethical conduct" if no services are being provided by a licensed audiologist.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh